UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CORY MARTEZ SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00501-JPH-MG ) |
| LEFFLER Lt., et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION**

In this action, Plaintiff Cory Martez Smith is proceeding with claims that Defendants – Lt. Leffler, Sgt. Carter, and Correctional Officer Auberry[1] – failed to adequately protect him from an attack by another inmate at Wabash Valley Correctional Facility ("Wabash Valley"). Dkts. 1, 11 (complaint and screening order). Mr. Smith has filed two motions for a preliminary injunction requesting that he be transferred from Wabash Valley to a different prison because of fears that Defendants paid the other inmate to attack him and may do so again. Dkts. 14, 23. Mr. Smith also generally fears "retaliation" from Defendants for having filed this lawsuit and that they may interfere with his legal mail. *Id.*

**I. Facts and Background**

On July 18, 2024, Mr. Smith was being escorted by Lt. Leffler and Sgt. Carter through Wabash Valley B East Unit while handcuffed. Dkts. 1 at 7; 32-2 ¶¶ 7-8 (Leffler declaration). Officer Auberry was in the unit control pod and

---

[1] Mr. Smith incorrectly named Defendant Auberry as "Alberry." The Court will direct the clerk to update the docket accordingly.

1

controlled the cell door locking mechanisms. Dkt. 32-4 ¶ 5 (Auberry declaration). As Mr. Smith was led past a holding cell, another inmate opened and exited it and immediately started punching Mr. Smith, causing them both to fall to the ground. Dkts. 1 at 7; 32-2 ¶ 9; 34 (video of incident). Although Mr. Smith did not originally know the other inmate's identity, dkt. 1 at 7, Defendants have identified him as Akheem Scott-Manna, dkt. 32-2 ¶ 9. Mr. Smith has not contested this identification.

The video of the incident shows that immediately after Mr. Scott-Manna attacked Mr. Smith, Lt. Leffler and Sgt. Carter begin struggling with Mr. Scott-Manna to pull him off of Mr. Smith but are unable to do so. Dkt. 34 at 0:18. It eventually took seven officers to separate them. *Id.* at 0:55. The video does not support Mr. Smith's allegation in his complaint that Lt. Leffler and Sgt. Carter did nothing to try to intervene in the attack for 30-60 seconds. Dkt. 1 at 7.

Mr. Smith filed his complaint on October 15, 2024. *Id.* The complaint does not allege that any defendant paid Mr. Scott-Manna to attack Mr. Smith, nor that any defendant interferes with Mr. Smith's legal mail, nor that any defendant has retaliated against him. The Court screened the complaint as stating Eighth Amendment failure-to-protect claims based on Officer Auberry allegedly letting Mr. Scott-Manna out of his cell on purpose, and Lt. Leffler and Sgt. Carter waiting 30-60 seconds to intervene in the fight and then using insufficient force thereafter to end it. Dkt. 11 at 2.

Mr. Smith filed his first preliminary injunction motion on April 15, 2025. Dkt. 14. He filed a second motion on June 13, 2025. Dkt. 23. The motions allege

in part that "the offender that attack me told me each Defendant pay him to attack me and he'll do it again if paid again." Dkt. 23. Thereafter, the Court directed Mr. Smith to show cause why this case should not be dismissed because of a violent threat he made against another judge in this district. Dkt. 20. After Mr. Smith responded to the show cause order with an apology, the Court allowed the case to proceed and directed Defendants to respond to the preliminary injunction motions. Dkt. 30.

In their response, Defendants submitted evidence that Officer Auberry has not worked for the Indiana Department of Correction ("IDOC") since July 26, 2024. Dkt. 32-4 ¶ 3. Sgt. Carter also has not worked for the IDOC since April 2025. Dkt. 32-3 ¶ 2 (Carter declaration). They also submitted evidence that Mr. Smith is currently in the Custody Control Unit ("CCU") at Wabash Valley, which is a unit for inmates with mental health concerns.[2] Dkt. 32-1 ¶¶ 11, 16. Mr. Scott-Manna, on the other hand, is in the Wabash Valley long-term segregation unit, "WVS," and is expected to be there until October 23, 2035, "absent exigent circumstances." *Id.* ¶ 15. The CCU and WVS are located in separate buildings at Wabash Valley, several hundred yards apart, with security fences in between, and inmates in the CCU and WVS never interact. *Id.* ¶ 17. Mr. Smith did not file a reply contesting any of Defendants' evidence.

---

[2] Defendants also indicated that Mr. Smith would soon be transferred to a different mental health unit at Westville Correctional Facility. Dkt. 32-1 ¶ 20. The IDOC's online inmate locater, however, indicates that Mr. Smith is still at Wabash Valley, though not in WVS. *See* https://offenderlocator.idoc.in.gov/idoc-ofs-1.0.2/ (last visited Feb. 10, 2026). The locater also indicates that Mr. Scott-Manna is still in long-term segregation at Wabash Valley. *See id.*

3

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). The plaintiff bears the burden of proving each element by a preponderance of the evidence. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.*

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020). The precise likelihood of success required depends in part on the balance of harms: "the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "A preliminary injunction that would give the movant substantially all the relief he seeks is disfavored, and courts have imposed a higher burden on a movant in

such cases." *Boucher v. Sch. Bd. of Sch. Dist. of Greenfield*, 134 F.3d 821, 826–27 (7th Cir. 1998).

Also, a request for injunctive relief must be tied to the specific parties and claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

First, to the extent Mr. Smith is seeking injunctive relief related to the handling of his legal mail, his complaint did not make any allegations of tampering with legal mail by any defendant and so the Court did not screen through any such claims. Nor did Mr. Smith make any allegations of, and so the Court did not screen through any claims related to, alleged retaliation against Mr. Smith by any defendant. Any such claims of tampering with legal mail or retaliation against Mr. Smith would be matters for entirely different lawsuits, if at all.

Second, Officer Auberry and Sgt. Carter no longer work for the IDOC in any capacity. Officer Auberry and Sgt. Carter are not currently in any position

to cause any harm to Mr. Smith, either directly or through Mr. Scott-Manna. Any injunctive relief claims against Officer Auberry and Sgt. Carter are moot. *Cf. Ahdom v. Lopez*, 2016 WL 4834644 at * 2 (E.D. Cal. Sept. 14, 2016) ("The fact that the prison staff person Plaintiff seeks injunctive relief against has been transferred to a different institution, rather than Plaintiff himself, makes the claim for injunctive relief equally as moot as if Plaintiff had been transferred").

To the extent there remain viable claims for injunctive relief with respect to Lt. Leffler,[3] Mr. Smith has not met his burden of showing he is entitled to the "extraordinary remedy" of a preliminary injunction. Regarding likelihood of success on the merits, the video evidence undermines his claim that Lt. Leffler did nothing to stop Mr. Scott-Manna's attack for 30-60 seconds after it began. *Cf. McCottrell v. White*, 933 F.3d 651, 661 n.9 (7th Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)) ("[W]here a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment"). This alleged delay in stopping Mr. Scott-Manna's assault was the primary basis of Mr. Smith's complaint.

Even if the Court were to consider Mr. Smith's new allegations that Lt. Leffler and the other defendants paid Mr. Scott-Manna to attack him, there is scant evidence to support that allegation. Mr. Smith's allegations in the

---

[3] It is not clear that Lt. Leffler could provide Mr. Smith with the relief he seeks, i.e., transfer to a different prison.

6

preliminary injunction motions are unsworn. Additionally, they constitute hearsay, as to what Mr. Scott-Manna supposedly said about being paid by Defendants to carry out the attack. While it is true that "a district court may grant a preliminary injunction based on less formal procedures and on less extensive evidence than a trial on the merits[,]" *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010), there must be some evidence in support before the Court will consider granting the "extraordinary" remedy of a preliminary injunction.

Even if Mr. Smith had a minimal chance of succeeding on the merits of his claims, he has failed to show that he would suffer irreparable harm if he is not transferred to a new prison immediately. "[C]ourts must afford prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (cleaned up). "Prison officials are uniquely qualified to decide where a particular prisoner should be housed, how to manage the staffing at each institution, and how to preserve safety and security at the institution. It is not this Court's job to second-guess those decisions." *Shaw v. Rozmarynoski*, 2025 WL 1869659, at *2 (E.D. Wis. June 4, 2025). The undisputed evidence indicates that there is currently little to no chance of Mr. Smith and Mr. Scott-Manna being able to interact with each other, even if Mr. Smith never transfers to a new prison (as Defendants indicate he likely will be). Mr. Smith's current release date is December 2027, according to the IDOC's website. This is well

7

before Mr. Scott-Manna is scheduled to be released from the WVS unit. Mr. Smith has not identified any other inmate who may pose an immediate threat to his safety. Finally, traditional legal remedies of damages will be sufficient to compensate Mr. Scott-Manna for the one-time attack he alleges Defendants caused him to endure. All in all, Mr. Smith has failed to prove by a preponderance of the evidence that he is entitled to injunctive relief in the form of an immediate transfer to another prison.

### III. Conclusion

The **clerk is directed** to change the name on the docket of defendant "Alberry" to "Auberry." Mr. Smith's motions for a preliminary injunction are **DENIED**. Dkts. [14], [23].

**SO ORDERED.**

Date: 2/27/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CORY MARTEZ SMITH
265110
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838